IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| NIKITA NICOLE M., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:24-cv-531-JTA |
| | ) (WO) |
| FRANK BISIGNANO,[1] Commissioner | ) |
| of Social Security, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Plaintiff Nikita Nicole M. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's brief in support of her Complaint (Doc. No. 11) as a motion for summary judgment and the Commissioner's brief in opposition to the Complaint as a motion for summary judgment (Doc. No. 16). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c).

After scrutiny of the record and the motions submitted by the parties, the Court finds that Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

motion for summary judgment is due to be GRANTED, and the decision of the Commissioner is due to be AFFIRMED.

## I.   PROCEDURAL BACKGROUND AND FACTS[3]

Plaintiff is an adult female[4] with a high school education who previously worked as a central services technician, housekeeper, hospital housekeeper, kitchen helper and dietary aide. (R. 26, 42-44, 51-53.) She alleged a disability onset date of August 9, 2021, due to COVID, pneumonia, tachycardia and chronic hiccups. (R. 41, 208.)

In September 2021, Plaintiff protectively filed an application for a period of disability and DIB under Title II of the Social Security Act. Her claim was denied initially and upon reconsideration. Following an administrative hearing, the Administrative Law Judge ("ALJ") issued an unfavorable decision, and the Appeals Council denied Plaintiff's request for review. (R. 1-28.) The hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g).

On August 21, 2024, Plaintiff filed this civil action for judicial review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. This matter is ripe for review.

## II.   STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were

---

[3] Citations to the administrative record are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 10.)

[4] Plaintiff was 43 years old on the alleged disability onset date. (R. 26, 41.)

applied. 42 U.S.C. § 405(g).[5] *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is "'supported by substantial evidence and based on proper legal standards.'" (quoting *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004))). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (*Id.*) The court "will affirm the Commissioner's decision if it is supported by substantial evidence, even if the preponderance of the evidence weighs against it." *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021).[6] However, the court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). *See Winschel*, 631 F.3d at 1178 ("We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the Commissioner." (quotation and brackets omitted)).

### III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for disability must prove that she is disabled. *See* 20 C.F.R. §§ 404.1505, 416.920(a)(4). The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable

---

[5] Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g).

[6] The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. The ALJ must determine (1) whether Plaintiff is currently performing substantial gainful activity; (2) whether Plaintiff has a severe impairment or combination of impairments; (3) whether the severe impairment meets or exceeds an impairment in the Listings of Impairments; (4) whether the Plaintiff can perform her past relevant work despite the impairment; and (5) whether Plaintiff can perform other jobs that exist in the national economy[7] given her residual functional capacity ("RFC"), age, education, and work experience. *Simon v. Comm'r, Soc. Sec. Admin.*, 7 F.4th 1094, 1101–02 (11th Cir. 2021).[8] Plaintiff has the burden of proof on the first four steps and the Commissioner carries the burden on the fifth step. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1279 (11th Cir. 2020). If the Commissioner carries the burden at the fifth step, the burden shifts back to Plaintiff to prove she is unable to perform the jobs suggested. *Id*.

## IV.   ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found that Plaintiff met the insured status requirements of the Social Security Act through December

---

[7] To determine the existence of other jobs which the claimant can perform, the ALJ may rely on the testimony of a vocational expert ("VE"). *Winschel*, 631 F.3d at 1180.

[8] *Simon* was superseded on other grounds by 2017 regulations abrogating the treating physician rule. *See Harner v. Soc. Sec. Admin., Comm'r,* 38 F.4th 892, 894 (11th Cir. 2022).

31, 2026, but had not engaged in substantial gainful activity since August 9, 2021. (R. 12.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: status post Covid 19 infection with restrictive ventilatory impairment and sinus tachycardia, right shoulder impingement syndrome, lumbar disc disease, obstructive sleep apnea, hypertension, hypothyroidism, and obesity. (R. 12.) The ALJ also determined Plaintiff had the following non-severe impairments: migraine headache disorder, gastroesophageal reflux disease, focal nodular hyperplasia of the liver, chronic constipation, hyperlipidemia, vitamin deficiencies, iron deficiency anemia, sickle cell trait, and trauma disorder. (R. 13.)

The ALJ concluded that Plaintiff's impairments do not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. 15.) The ALJ also concluded that Plaintiff retains the RFC to perform sedentary work as defined in 20 C.F.R. § 404.1567(a),[9] with certain restrictions:

> [Plaintiff] can occasionally climb ramps and stairs; cannot climb ladders, ropes and scaffolds; and can occasionally stoop, kneel, and crouch. [Plaintiff] can perform no crawling and cannot use the dominant right arm for overhead reaching. She must avoid concentrated exposure to extreme heat, humidity, pulmonary irritants, heights, and hazards.

(R. 16.)

Based upon the testimony of a VE, the ALJ determined Plaintiff is unable to perform any past relevant work; yet an individual with Plaintiff's age, education, work experience,

---

[9] "Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met." 20 C.F.R. § 404.1567(a).

and RFC could work as an election clerk, tube operator and weight tester. (R. 26, 27.) The ALJ found that based upon Plaintiff's age, education, work experience and RFC, Plaintiff can make a successful adjustment to other work that exists in significant numbers in the national economy. (R. 26-27.) Based on the foregoing, the ALJ concluded Plaintiff had not been disabled from the alleged onset date through the date of the hearing decision and was not disabled under the Social Security Act. (R. 28.)

## V.    DISCUSSION

Plaintiff presents one issue in this appeal. She argues the ALJ's treatment of the medical opinion evidence is not supported by substantial evidence. (Doc. No. 11 at 3, 8.) Specifically, she challenges the ALJ's consideration of the medical opinion by Connie A. Chandler, M.D., in a physical capacities evaluation ("PCE").[10] (*Id*. at 8-10.) Plaintiff

---

[10] Plaintiff raises that the ALJ "failed to explain how the opinions" of the state agency consultants "were consistent with the records and notes of Dr. Chandler, which neither would have had access to at the time of their respective decisions" and "the ALJ's RFC findings are incomplete as they lack corresponding limitations as opined by Dr. Chandler." (Doc. No. 11 at 11.) Plaintiff merely cites to the ALJ's hearing decision for the first issue and fails to cite to any portion of the medical record or any legal authority to support these issues. Nor does she further develop these arguments. She even fails to identify which limitations opined by Dr. Chandler are omitted from the ALJ's RFC. Due to the perfunctory nature of her arguments which provide no meaningful explanation, the Court deems these arguments as abandoned. *See Sapuppo v. Allstate Floridian Ins., Co*., 739 F.3d 678, 681 (11th Cir. 2014) (explaining that an appellant forfeits an issue when she "raises it in a perfunctory manner without supporting arguments and authority"); *Sorter v. Soc. Sec. Admin., Comm'r*, 773 F. App'x 1070, 1073 (11th Cir. 2019) ("Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument); *Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue"); *Figuera v. Comm'r of Soc. Sec*., 819 F. App'x 870, 871 n.1 (11th Cir. 2020) ("Figuera also argues the ALJ failed to properly assess her credibility. . . .   However, Figuera did not adequately raise this issue in her brief before the district court. She raised the issue only summarily, without any citations to the record or authority.")

asserts the ALJ provided "no meaningful explanation" of her rejection of Dr. Chandler's opinion and contends the ALJ's recitation of the medical records which contradict Dr. Chandler's opinion omitted "significant context." (*Id*. at 9.) The Commissioner responds the ALJ properly evaluated the medical opinion evidence. (Doc. No. 16.)

The regulations direct the ALJ to "not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [a claimant's] medical sources." 20 C.F.R. § 404.1520c(a). Rather, the ALJ must "consider" the "persuasiveness" of all medical opinions and prior administrative medical findings. *Id*. The ALJ must evaluate persuasiveness by considering the following five factors: (1) supportability, (2) consistency, (3) the medical source's relationship with the claimant, (4) the specialization of the medical source, and (5) any other relevant factors which "tend to support or contradict a medical opinion or prior administrative medical finding." 20 C.F.R. § 404.1520c(a), (c). The ALJ must explain in the decision how she considered the factors of supportability and consistency in her determination of overall persuasiveness of each source. 20 C.F.R. § 404.1520c(b)(2) ("[S]upportability . . . and consistency . . . are [t]he most important factors we consider when we determine how persuasive we find a medical source's opinions or prior administrative medical findings to be. Therefore, we will explain how we considered the supportability and consistency factors for a medical source's medical opinions or prior administrative medical findings in [the claimant's] determination or decision."). Supportability refers to the extent to which relevant objective medical evidence and supporting explanations by a medical source support that medical source's own opinion,

7

and consistency refers to the extent to which the medical source's opinion does not conflict with other evidence in the record. 20 C.F.R. § 404.1520c(c)(1), (2).

In the PCE, dated August 28, 2023, Dr. Chandler opined about Plaintiff's limited work activities. (R. 1299, Exhibit 30F.) Dr. Chandler opined Plaintiff was limited to lifting one pound frequently to five pounds occasionally during a normal workday. She also opined Plaintiff can sit for eight hours during an eight-hour workday and can only stand or walk for one hour during an eight-hour workday. She opined Plaintiff does not require an assistive device to ambulate in a normal workday. She further opined Plaintiff would likely be absent from work more than four days a month because of Plaintiff's impairments. Regarding Plaintiff's ability to perform certain physical activities during an eight-hour workday, Dr. Chandler opined the following:

- Plaintiff can rarely perform pushing and pulling movements (arm and/or leg controls);
- Plaintiff can rarely climb (stairs and ladders) and balance;
- Plaintiff can rarely bend and stoop;
- Plaintiff can rarely reach (including overhead);
- Plaintiff can occasionally perform gross manipulation (grasping, twisting and handling);
- Plaintiff can occasionally perform fine manipulation (finger dexterity);
- Plaintiff can occasionally handle environmental problems (allergies, dust, etc.);
- Plaintiff can occasionally work with or around hazardous machinery; and
- Plaintiff can frequently operate motor vehicles.

(*Id.*) Finally, in the section of the PCE which requested Dr. Chandler to "explain and briefly describe the degree and basis for any restriction checked above[,]" she responded "not working since 2021." (*Id.*) She provided no further explanation or description.

8

Within her RFC analysis, the ALJ weighed Dr. Chandler's opinion in the PCE and found it unpersuasive. (R. 24.) The ALJ explained:

> The opinion in Exhibit 30F is not persuasive. [T]he conclusions are not well supported by the available treatment notes from this or other sources and thus seem to be based on subjective complaints. There is no narrative explanation of any limitation provided and [Plaintiff's] own discussions regarding standing, walking, and sitting are inconsistent with this rating. These conclusions regarding the abilities noted on the form are at odds with the record, including the record even of this provider who, other than a referral to Southern Bone and Joint, has offered notably conservative treatment. The visit with the specialist reflected mild findings on the MRI scan. A July 2023 note with this provider indicated that they were requesting records from other providers, described in Exhibit 28F, they did not have just within 30 days of the date of this form.

(R. 24.)

The ALJ's explanation for discounting Dr. Chandler's opinion is supported by the collective medical evidence. At step two, the ALJ found Plaintiff had the severe impairments of status post Covid 19 infection with restrictive ventilatory impairment and sinus tachycardia, right shoulder impingement syndrome, lumbar disc disease, obstructive sleep apnea, hypertension, hypothyroidism, and obesity. (R. 12.) The ALJ also determined that Plaintiff had the non-severe impairments of migraine headache disorder, gastroesophageal reflux disease, focal nodular hyperplasia of the liver, chronic constipation, hyperlipidemia, vitamin deficiencies, iron deficiency anemia, sickle cell trait, and trauma disorder. (R. 13.) Plaintiff does not challenge these findings. At step three, the ALJ found Plaintiff's respiratory impairments did not meet the requirements of Listing 3.02, nor did Plaintiff's back and shoulder impairments meet the requirements of Listings 1.15 or 1.18. (R. 15.) In so finding, the ALJ noted (1) there is "no medical documentation

of the need for a walker, bilateral canes, crutches, or mobility devices with added upper extremity limitations such that use of the upper extremities inhibits the performance of fine and gross movements;" (2) there is "no evidence of a documented medical need for a walker, bilateral canes, bilateral crutches, or wheeled/seated mobility devices involving the use of both hands[;]" (3) "[t]here is no evidence of an inability to use one upper extremity to independently initiate, sustain, and complete work-related activities involving fine and gross movements[;]" and (4) "there is also no evidence of an inability to use both extremities to the extent that neither can be used to independently initiate, sustain, and complete work-related activities involving fine and gross movements." (R. 15.) Plaintiff, again, did not challenge these findings.

In support of her RFC assessment, the ALJ considered Plaintiff's subjective complaints and Plaintiff's reported daily activities, and then meticulously summarized the medical evidence of record. (R. 16-26.) The record included over one thousand pages of medical records spanning three years, which the ALJ painstakingly reviewed as demonstrated by her thorough nineteen-page opinion. For example, the ALJ noted Plaintiff's December 2022 shoulder surgery and subsequent physical therapy, which Plaintiff discontinued in February 2023; Plaintiff's intermittent reports of back pain to providers; an August 2023 MRI of Plaintiff's spine which exhibited mild degenerative disc disease; that the providers only treated Plaintiff's back pain with medication; and the repeated documentation by providers of Plaintiff's normal gait and normal musculoskeletal examinations. (R. 18-19.) Additionally, the ALJ considered Plaintiff's respiratory impairments, noting Plaintiff "has had some ongoing respiratory issues that have persisted

10

after her Covid-19 infection, but the record does not suggest that they are of a degree that would preclude work or require precautions greater than those [in the RFC.]" (R. 20.) The ALJ even noted Plaintiff "disclosed to the consultative examiner" on June 17, 2023, "that she had no problems sitting or even standing, although she would have symptoms with walking." (R. 20 citing Exhibit 24F; R. 1131.)

Furthermore, in her thorough summary, the ALJ detailed some of Dr. Chandler's evaluation notes, without specifically mentioning Dr. Chandler.[11]

- At a visit in August 2022, [Plaintiff] reported that "headaches have been controlled with Esgic and she does not need refills on this medication either" (Exhibit 32F/2).

- While the gastroenterologist records note constipation complaints, a number of recent records note that [Plaintiff] denied constipation (Exhibit 32F/15, 20, 24, 28, 31, 39, 44; . . . . Exhibit 35F/4, 7).

- [Plaintiff] also denied back and joint pain in an examination in January [2022] and had a normal musculoskeletal examination. Shortly after that January examination with normal findings, she was reporting lower back pain when sitting that had been "present for a week" as of January 27, 2022, and the examination in February 2022 reflected that the x-rays were normal but back pain was still an issue. The clinical examination was normal as it pertains to the musculoskeletal exam and extremities. She was in no acute distress with no further referral except for the x-ray (Exhibit 12F).

- She again complained of back pain in April 2023; at that point, x-rays were ordered with no follow-up evident. She had a muscle relaxer provided that was to be taken three times a day without refills, so this medication would have long run out, although she had refills of other medications. Clinical findings throughout this period were also notably negative on the musculoskeletal examinations (Exhibit 32F, see also Exhibit 23F).

---

[11] Dr. Chandler's treatment records of Plaintiff are in the record as the following exhibits: Exhibit 4F, Exhibit 12F, Exhibit 23F, Exhibit 28F, Exhibit 32F, and Exhibit 35F. (R. 436-491, 712-730, 1022-1129, 1255-1272, 1306-1352, 1433-1442.)

11

- And, again, [in June 2023] with her primary care provider, she denied back pain (Exhibit 28F).

- Again, with her family physician, the remainder of the records continue to show clear lungs and normal oxygen saturation, and her blood pressure also remained normal. She had lab work during this period with no change in treatment for these impairments. Even in June 2023 when she had acute sinusitis the respiratory fin[d]ings were normal. She even denied having shortness of breath several times during treatment (Exhibit 28F and 32F).

- Lastly, [Plaintiff] did have a laparoscopic hysterectomy in September 2023 with a small follow-up surgical procedure as already noted; . . . . At her family physician's visit just shortly after the surgery, the records document that the staples had not even been removed, but [Plaintiff] was feeling well. She had no evidence of infection and taking tramadol to address the pain (Exhibit 32F/42 and 35F/2). The only more recent visit with this provider documents that her blood pressure was controlled, she denied shortness of breath or chest pain, GERD had been stable, she had been compliant with CPAP, medications for anxiety were helpful, and her pulse oximetry rating was 100%. She did have an injection reportedly to address her back pain/sciatica/lumbago but other than refills and the referral to the neurologist based on her back complaints, as already mentioned above, [Plaintiff] continues to have treatment that is reportedly mitigating the symptoms that she has experienced (Exhibit 35F).

(R. 13, 18, 22, 23.)[12]

Plaintiff's argument that the ALJ failed to properly analyze Dr. Chandler's opinion is wholly contradicted by the ALJ's analysis set forth above. The ALJ specifically considered Dr. Chandler's opinion, finding it not persuasive, and adequately addressed the supportability and consistency of Dr. Chandler's opinion. The ALJ stated "[t]hese conclusions regarding the abilities noted on the [PCE] form are at odds with the record,

---

[12] Oddly, Plaintiff asserts "the ALJ appears to ignore the fact that Dr. Chandler specifically noted that [Plaintiff] underwent injections for her left leg sciatica and low back pain ([R.] 1438.)" (Doc. No. 11 at 9.) It is clear from the ALJ's decision that she did not ignore that fact. (R. 23 ("[Plaintiff] did have an injection reportedly to address her back pain/sciatica/lumbago . . . .").)

including the record even of this provider who, . . . , has offered notably conservative treatment." (R. 24.) In addition, the ALJ noted "there is no narrative explanation of any limitation provided [by Dr. Chandler]." (*Id*.) This is true. The record shows when afforded an opportunity to "explain and briefly describe the degree and basis for any restriction checked above[,]" Dr. Chandler simply noted on the PCE that Plaintiff had not "work[ed] since 2021." (R. 1299.) Dr. Chandler did not even explain or describe which impairment would likely cause Plaintiff to be absent from work four days a month.

In sum, the evidence the ALJ relied on when making the findings at step two regarding Plaintiff's physical impairments and the evidence relied upon in her explicit analysis of Dr. Chandler's opinion are sufficient for the Court to conclude that the ALJ's persuasiveness determination is supported by substantial evidence. While it is clear Plaintiff disagrees with the ALJ's finding of persuasiveness and thus urges the Court to re-weigh the evidence to reach a different result, the Court is not permitted to do so. *See, e.g., Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) ("To the extent that . . . other evidence . . . undermine[s] the ALJ's RFC determination, [plaintiff] misinterpret[s] the narrowly circumscribed nature of our appellate review, which precludes us from 're-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner] . . . even if the evidence preponderates against' the decision." (footnote omitted) (quoting *Bloodsworth*, 703 F.2d at 1239)). Accordingly, Plaintiff is entitled to no relief.

## VI. CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1. Plaintiff's motion for summary judgment (Doc. No. 11) is DENIED.

2. The Commissioner's motion for summary judgment (Doc. No. 16) is GRANTED.

3. The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 29th day of September, 2025.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE